**CITIBANK, N.A., Plaintiff**

**v.**

**CHARLES M. PETERS, a/k/a CHARLES PETERS, LPP MORTGAGE, LTD., f/k/a LOAN PARTICIPANT PARTNERS, LTD., PRAMCO II, LLC, and BANCO POPULAR de PUERTO RICO, Defendants**

Civil No. 2002-112

District Court of the Virgin Islands

Division of St. Thomas and St. John

March 17, 2008

A. JENNINGS STONE, ESQ., St. Thomas, V.I., *For plaintiff, Citibank, N.A.*

CHAD C. MESSIER, ESQ., St. Thomas, V.I., *For defendant, LPP Mortgage, Ltd.*

RICHARD H. DOLLISON, ESQ., St. Thomas, V.I., *For defendant, Pramco II, LLC.*

GREGORY HODGES, ESQ., St. Thomas, V.I., *For defendant, Banco Popular de Puerto Rico.*

GÓMEZ, *Chief Judge*

## JUDGMENT

(March 17, 2008)

Before the Court is the motion of plaintiff, Citibank, N.A. ("Citibank"), for summary judgment against defendants Charles M. Peters ("Peters"), LPP Mortgage, Ltd. ("LPP"), Pramco II, LLC ("Pramco"), and Banco Popular de Puerto Rico ("BPPR"). The motion is unopposed. Upon review of the motion and all supporting materials attached hereto, the Court finds:

772

1. Peters owns real property described as Parcel No. 14-67 Frenchman's Bay Estate, No. 4 Frenchman's Bay Quarter, consisting of 0.535 U.S. acres as shown on P.W.D. No. A9-176-T72, St. Thomas, United States Virgin Islands (the "Property").

2. On June 26, 1995, Peters entered into a loan agreement with Citibank. This agreement is evidenced by a note Peters executed and delivered to Citibank in the amount of $208,000, plus interest at a rate of 8.125% per annum, payable in monthly installments ("the Citibank Note").

3. As security for repayment of the Citibank Note, on or about the same day, Peters executed and delivered a first priority mortgage (the "Citibank Mortgage") over the Property. The Citibank Mortgage was recorded on the same day at the office of the Recorder of Deeds, Division of St. Thomas & St. John, in Book No. 44-W, at Page 358, Auxiliary 43, at Page 188, as Document No. 3127.

4. On January 20, 1996, Peters entered into a loan agreement with the U.S. Small Business Association ("SBA"). Peters executed and delivered to the SBA a promissory note in the amount of $32,500. As security for repayment of this note, Peters executed and delivered a mortgage over the Property to SBA. This mortgage was recorded with the Recorder on February 13, 1996, in Book 45-V, at Page 403, as Document No. 929. This note and mortgage was thereafter assigned to Pramco on May 2, 2001 and recorded with the Recorder of Deeds on August 21, 2001, as Document No. 2001004162.

5. On January 26, 1996, entered into another loan agreement with the SBA. Peters executed and delivered to the SBA a promissory note in the principal amount of $24,300. As security for the repayment of this note, Peters executed and delivered to the SBA a mortgage over the Property. This mortgage was recorded on February 13, 1996, in Book 45-V, at Page 399, as Document No. 928. This note and mortgage was thereafter assigned to LPP on May 2, 2001, and recorded with the Recorder of Deeds on July 13, 2001, as Document No. 2001003300.

6. On February 5, 2000, BPPR obtained a default judgment against Peters. BPPR then filed a judgment lien against the Property in the amount of $54,090.37. The judgment lien was recorded with the Recorder of Deeds on February 9, 2000, as Document No. 2000000684.

■ 7. Peters is in default under the terms and conditions of the Citibank Note and Citibank Mortgage for failing to make timely payments of principal and interest when they became due.

8. On October 30, 2000, Citibank made demand upon Peters for payment of outstanding principal, interest, and late charges.

9. Peters failed to cure his defaults within the time provided and failed to pay all principal and interest due as demanded. As a result, Citibank accelerated the sums due under the Citibank Note.

10. On June 6, 2002, Citibank brought the instant action for debt and foreclosure of the Mortgage against Peters.

11. On or about June 24, 2002, Peters filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code, which was later amended to Chapter 7.

12. On July 3, 2003, Peters received a discharge of his personal debts in bankruptcy. Citibank then filed a motion to amend its complaint. This motion was granted by the Court in an Order dated November 3, 2003.[1] Thereafter, LPP and Pramco were added as junior lienholders.

13. As of November 30, 2006, Peters is indebted to Citibank as follows: principal in the amount of $197,765.59, plus accrued interest in the amount of $101,704.67, plus escrow advances in the amount of $36,414.43, plus outstanding late charges in the amount of $5791.50, plus fees for inspection and appraisal of the Property in the amount of $358.00, for a total amount of $342,034.19. Interest continues to accrue at the rate of $44.0232 per diem from November 30, 2006, until the date of Judgment. After the entry of Judgment, interest will continue to accrue at the statutory rate until Judgment is satisfied. **NOW, THEREFORE, IT IS HEREBY ORDERED** that Citibank's motion for summary judgment is **GRANTED**; and it is further

**ORDERED** that Citibank holds a first-priority lien against the Property; LPP holds a second-priority lien against the Property; Pramco holds a third-priority lien against the Property; and BPPR holds a fourth-priority lien against the Property; and it is further

---

[1] The magistrate judge issued an Order allowing Citibank to amend its complaint to join additional junior lienholders. The Order referred to this matter as an *in rem* action against the property. Notwithstanding that reference, this matter proceeds as one in foreclosure against the mortgaged property.

**ORDERED** that Citibank is awarded final judgment against Peters in the principal sum of $197,765.59, plus accrued interest in the amount of $101,704.67, plus escrow advances in the amount of $36,414.43, plus outstanding late charges in the amount of $5791.50, plus fees for inspection and appraisal of the Property for a total amount of $342,034.19. Interest continues to accrue after November 30, 2006, at the rate of $44.0232 per diem until the date of this Judgment. Interest will accrue at the statutory rate of 4% per annum from the date of this Judgment until this Judgment is satisfied; and it is further

**ORDERED** that Citibank shall recover from Peters it's costs and attorney's fees in an amount to be determined upon the filing of an appropriate application for an award of costs and attorneys' fees made any time prior to the entry of an order confirming sale of the Property; and it is further

**ORDERED** that the Citibank Mortgage, the LPP Mortgage, the Pramco Mortgage, the BPPR judgment lien, and all other liens subsequent or inferior to the Citibank Mortgage are hereby **FORECLOSED**; and it is further

**ORDERED** that the Property shall be sold by the United States Marshals according to the law, and that the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshals Service pursuant to 28 U.S.C. § 1921, and then toward satisfaction of this Judgment in favor of Citibank, including any costs and attorney's fees that may be awarded in this matter upon application, and any sums that may be paid for insurance premiums, taxes, and expenditures necessary to maintain the Property prior to sale; and it is further

**ORDERED** that:

1. Pursuant to V.I. CODE ANN. tit. 5, § 484, notice of the Marshal's sale shall be posted for four weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

775

a. The Property shall be seized and sold as separately at a public sale at the Office of the U.S. Marshal Ron de Lugo Federal Building & United States Courthouse, St. Thomas, U.S. Virgin Islands;

b. Citibank may bid a credit against this Judgment and interest thereon, plus any costs and expenses, without tender of cash;

c. The terms of sale as to all other persons or parties bidding shall be cash. The successful bidder shall be required to deposit with the United States Marshal cash equal to 10% of the total bid at or before 5:00 p.m. on the date of sale; and the remaining 90% of said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale;

d. The successful bidder shall be responsible for the payment of any commission due and owing to the United States Marshal pursuant to 28 U.S.C. §1921, and for the payment of stamp taxes, recording fees and related charges associated with obtaining and recording a deed to the Property.

e. The United States Marshal shall make his report of sale within ten days from the date of sale.

f. If no objection has been filed in writing in this case with the Clerk of the Court by 10:00 a.m. within fifteen days inclusive of the date of sale, the sale shall be confirmed without necessity of motion, and the United States Marshal shall be directed to deliver his certificate of purchase to the successful bidder; and it is further

**ORDERED** that the Court will retain jurisdiction to enforce the terms of this Judgment.